**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 26-10831

Non-Argument Calendar

_____

JENNIFER R. BUTLER,

*Plaintiff-Appellant,*

*versus*

SECRETARY OF TREASURY OF USA,

*Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:25-cv-00001-N

_____

Before ROSENBAUM, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, sua sponte, for lack of jurisdiction. Jennifer Butler, proceeding pro se, filed this action seeking

relief under Title VII of the Civil Rights Act of 1964 for alleged employment discrimination by her former employer, the United States Department of Treasury. The defendant filed an answer and a motion to compel discovery, and Butler filed a motion to strike portions of the answer and motion. The district court granted the defendant's motion to compel and denied Butler's motion to strike in an order entered on March 4, 2026, which Butler now appeals.

We lack jurisdiction to review the March 4 order because it is not final, as it did not resolve any claims on the merits, or otherwise immediately appealable. *See* 28 U.S.C. §§ 1291, 1292; *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000) (explaining that, generally, "[a] final decision is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment"). The March 4 order is not immediately appealable under the collateral order doctrine because it can be effectively reviewed after the district court enters a final judgment. *See Plaintiff A v. Schair*, 744 F.3d 1247, 1252-53 (11th Cir. 2014); *Doe No. 1 v. United States*, 749 F.3d 999, 1004 (11th Cir. 2014) ("Discovery orders are ordinarily not final orders that are immediately appealable.").